

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

THOMAS STERLING PAYNE,
Inmate # Q24425, PRO SE
(Enter full name of Plaintiff)

VS.

CASE NO: 5:13cv91 2PM/GRJ
(To be assigned by Clerk)

FRANK McKEITHEN, BAY COUNTY SHERIFF,
DR. RONALD LIPPMANN, D.O., BAY COUNTY JAIL PHYSICIAN,
ET AL, SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: THOMAS STERLING PAYNE
Inmate Number: Q24425
Prison or Jail: NORTHWEST FLORIDA RECEPTION CTR.
Mailing address: 4455 SAM MITCHELL DRIVE
CHIPLEY, FLORIDA
32428-3597

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: FRANK MCKEITHEN
Official position: SHERIFF, BAY COUNTY FLORIDA
Employed at: BAY COUNTY SHERIFFS OFFICE
Mailing address: 3421 NORTH HIGHWAY 77
PANAMA CITY, FLORIDA 32405-5009

(2) Defendant's name: DR. RONALD LIPPMANN, D.O.
Official position: PHYSICIAN BAY COUNTY JAIL
Employed at: BAY COUNTY JAIL
Mailing address: 5700 STAR LANE
PANAMA CITY, FLORIDA 32404

(3) Defendant's name: _____
Official position: _____
Employed at: _____
Mailing address: _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A. **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

   Yes( )            No(X)

   [If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

   1. **Informal Grievance**

      a. Did you submit an informal grievance?

         Yes( )            No( )

         ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

      b. If not, why? _____

   2. **Formal Grievance**

      a. Did you submit a formal grievance?

         Yes( )            No( )

         ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

      b. If not, why? _____

   3. **Appeal to the Office of the Secretary**

      a. Did you submit an appeal to the Office of the Secretary?

         Yes( )            No( )

         ❖ If so, you must attach a copy of the appeal and response; exhibit _____.

      b. If not, why? _____

3

4. **Disciplinary Actions**

a. Did you have a disciplinary hearing concerning this matter?

   Yes( )          No( )

   ❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit _____.

b. Did you lose gaintime as a result of the disciplinary hearing?

   Yes( )          No( )

c. Has the gaintime since been restored?

   Yes( )          No( )

B. **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

   Yes(X)          No( )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1. Is there a grievance procedure at your institution or jail?

   Yes( )          No(X)

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer all of the following questions in this subsection.]

2. Did you submit a grievance concerning the facts relating to your complaint?

   Yes( )          No(X)

3. If your answer is YES:

   a. What steps did you take? _____

   b. What were the results? _____

   ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4. If your answer is NO, explain why not: WAS IN HOSPITAL WHEN JUDGE SIGNED RELEASE DUE TO AMPUTATION OF LEG FOR REHAB. RE-ARRESTED AFTER TIME EXPERATION FOR FILING GRIEVANCE.

4

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

## IV. PREVIOUS LAWSUITS

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(X)

   1. Parties to previous action:
      a. Plaintiff(s): _____
      b. Defendant(s): _____
   2. Name of judge: _____    Case #: _____
   3. County and judicial circuit: _____
   4. Name of judge: _____
   5. Approximate filing date: _____
   6. If not still pending, date of dismissal: _____
   7. Reason for dismissal: _____
   8. Facts and claims of case: _____

   **(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )    No(X)

   1. Parties to previous action:
      a. Plaintiff(s): _____
      b. Defendant(s): _____
   2. District and judicial division: _____
   3. Name of judge: _____    Case #: _____
   4. Approximate filing date: _____
   5. If not still pending, date of dismissal: _____
   6. Reason for dismissal: _____
   7. Facts and claims of case: _____

   **(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(**X**)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

    1. Parties to previous action:
       a. Plaintiff(s): _____
       b. Defendant(s): _____
    2. District and judicial division: _____
    3. Name of judge: _____ Case #: _____
    4. Approximate filing date: _____
    5. If not still pending, date of dismissal: _____
    6. Reason for dismissal: _____
    7. Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(**X**)

    1. Parties to previous action:
       a. Plaintiff(s): _____
       b. Defendant(s): _____
    2. District and judicial division: _____
    3. Name of judge: _____ Case Docket # _____
    4. Approximate filing date: _____ Dismissal date: _____
    5. Reason for dismissal: _____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1) THIS IS AN ACTION FOR DAMAGES BROUGHT BY THE PLAINTIFF, WHO AT THE TIME OF THE ALLEGED INCIDENT, WAS A CITIZEN, NOT CONVICTED OF ANY CRIME, WITH ALL HIS CIVIL RIGHTS INTACK, BEING DETAINED IN THE BAY COUNTY FLORIDA JAIL, AWAITING TRIAL.

2) THIS IS AN ACTION FOR DAMAGES WITHIN THE JURISDICTIONAL LIMITS OF THIS COURT, TO WIT; 4.5 MILLION U.S. DOLLARS, FOR LOSS OF PLAINTIFFS LEFT LEG, PAIN AND SUFFERING, AND DEPRIVATION OF LIFE'S PLEASURES DUE TO THE DEFENDANT'S DELIBERATE INDIFFERANCE, WILLFUL NEGLIGENCE, AND WILLFUL AND WANTON DISREGARD FOR HUMAN LIFE.

3) AT ALL TIMES MENTIONED HEREIN, DOCTOR RONALD LIPPMANN AND HIS NURSING STAFF, HELD THEMSELVES OUT AS COMPETENTLY TRAINED AND HIGHLY SKILLED MEDICAL PROFESSIONALS, LICENSED IN THE STATE OF FLORIDA, WITH THEIR OFFICE LOCATED IN THE BAY COUNTY JAIL, UNDER THE SUPERVISION OF SHERIFF, FRANK MCKEITHEN.

4) DOCTOR RONALD LIPPMANN AND THE NURSING STAFF, HELD THEMSELVES OUT TO THE DETAINEE AT THE BAY COUNTY JAIL AS COMPETENTLY TRAINED AND HIGHLY SKILLED MEDICAL PROFESSIONALS AND SPECIALIST IN THE FIELD OF PRESCRIPTION MEDICATIONS AND CARE OF ELDERLY PATIENTS.

5) ON SEPTEMBER 10, 2009, THE PLAINTIFF WAS ARRESTED AND DETAINED PENDING TRIAL IN THE BAY COUNTY JAIL. WHILE DETAINED THERE, THE PLAINTIFF CAME UNDER THE COMPLETE CARE OF THE DEFENDANTS, THEREIN HAVING TO RELY TOTALLY ON THEIR EXPERTISE TO TREAT HIS MANY MEDICAL CONDITIONS. DEFENDANT'S WERE GIVEN A VERBAL HISTORY OF THOSE MEDICAL CONDITIONS, CURRENT MEDICATIONS BEING TAKEN, SURGERIES, ATTENDING PHYSICIANS, AND ADDRESSES FOR VARIFICATION OF THE INFORMATION. PLAINTIFF WAS APPROXIMATELY 66 YEARS OLD AT THIS TIME.

6) On September 14, 2009, Dr. Laura Yauch, MD, of Sacred Heart Medical Group, sent Dr. Ronald Lippmann, D.O. a complete medical history of Plaintiff's medications and medical procedures by fax, to Bay County Jail/Sheriffs Department.

7) On September 24, 2009, Plaintiff initiated a medical request complaining of cold like symptoms and a tightness in chest.

8) On October 12, 2009, Plaintiff initiated a sick call request complaining about constant pain. Staff's response was "you are already on something for the pain". No action taken.

9) On October 13, 2009, Plaintiff initiated another sick call request complaining of "excruciating pain". Staff's response was to prescribe "Percogesic for 30 days".

10) On October 18, 2009, Plaintiff initiated sick call request #2 for "cold like symptoms", "hard to breath", "chest pain" and "tightness and congestion". Staffs response was "Seen and Treated". But not once was EKG taken of Plaintiff, fully knowing his medical history.

13) On October 21st and 27th, 2009, Plaintiff initiated same complaint on sick call form. Finally, after 30 days of original complaint, the Plaintiff was referred by medical nurse to see Doctor Lippmann.

14) On November 5, 2009, Plaintiff initiated sick call request #3 for "cold like symptoms, hard to breath, chest pain and, tightness and congestion". Referred again to Dr. Lippmann.

15) On November 17, 2009, Plaintiff initiated sick call request #4 for "cold like symptoms, chest pains and new condition of: head hurts, feels the size of a pumpkin, hot and cold spells. Staff's response was "Seen and Treated" by nurse.

16) On November 18, 2009, referred to see Doctor Lippmann, who prescribed nasal congestion tablets for 5 days and discontinue Benadryl.

(7A)

17) On November 22, 2009, Plaintiff initiated sick call request for the same symptoms in previous requests with the addition of "face broken out and burns". Seen by Dr. Lippmann who prescribed "Prednisone, 60 mg x 4 days, 40 mg x 4 days, 20 mg x 4 days, 10 mg x 4 days, and 5 mg x 60 days.

18) On December 16, 2009, initiated sick call request for same conditions as previous sick call requests, in addition to request for something to relieve pain. "No action taken by nurse, referred to Dr Lippmann on November 23, 2009, therefore no action by medical staff of sick call request.

19) On January 17, 2010, symptoms return and Plaintiff initiated sick call request. Seen by nursing staff, referred to Dr. Lippmann. Plaintiff evaluated by Dr Lippmann for "Asthma".

20) On February 3, 2010, Plaintiff iniated sick call request. Face itches and burns, sores breaking out, inside of mouth inflamed and has sores. Referred to Dr Lippmann.

21) On February 8, 2010, Plaintiff initiated sick call request. Infection worse, sores increasing over most of body, hard to eat or swallow. Referred again to Dr Lippmann.

22) On March 13th and 29th, 2010, Plaintiff initiated sick call requests due to all symptons returning to Plaintiff. Plaintiff requests renewal of "Prednisone" prescription.

23) On April 1, 2010, medical staff did a pre-segregation health evaluation of Plaintiff claiming there was nothing wrong with the Plaintiff. "No skin problems", "No respiratory problems", "No cardiovascular problems", "No gastrointestinal problems".

24) On April 12th and 13th, 2008, Plaintiff again initiated sick call request with same previous complaints, in addition, Plaintiff can not hold down food or medication due to vomitting.

(7B)

25) On April 14, 2010, plaintiff was re-evaluated by nurse and found him to have "extreme pain in back and legs, and vomitting. Medical staff nurse, J. Hammond, LPN observed that plaintiff was in "acute distress" and only referred plaintiff to see Doctor Lippmann, D.O.

26) On April 18th thru 21st, 2010, plaintiff was in such extreme pain that, he refused to get out of bed or take his medication. No EKG done.

27) On April 19, 2010, plaintiff initiated an inmate request complaining of excessive swelling and extreme pain in both legs below the knees, including ankles and feet. Nurse J. Hammond observed that, "Inmates left ankle appeared very swollen and he was unable to bend or flex using any kind of movement of that ankle." Referred to Dr. Lippmann.

28) On April 21, 2010, plaintiff again requested something to relieve the extreme pain in his left leg. In such pain that plaintiff was screaming.

29) On April 21, 2010, medical staff observed plaintiff in his cell stating that plaintiffs leg has signs of "edema" of the left foot and ankle extending up to left knee. Plaintiff beating head against floor caused by pain.

30) On April 22, 2010, at 10:15 am, plaintiff was evacuated to Bay Medical Center via ambulance to emergency room, per Dr. Lippmann.

31) On April 22, 2010, plaintiff was evaluated by Dr Hatem Mourad, MD, and attending physician Kimberly Collins, MD. Dr Mourad gave his impression as: "leg pain with significant severe neurologic deficit. I am concerned this is possibly subacute thromboembolus with possible pregression although his whole presentation is rather subacute if not chronic over the last two weeks. I do not feel that his neurologic deficit in his foot, at least 2 days old and possibly longer, is reversible. I think the patient will lose his leg and will need an above-knee amputation."

32) On April 23, 2010, plaintiff was evaluated by Dr Bussie A. Evans, MD, who administered the echocardiogram report. Dr Evans held that, "both legs distally are enythematous; the left is

(7c)

CERTAINLY WORSE THAN THE RIGHT. THERE IS NO DOPPLER PULSE IN THE LEFT FOOT. LEFT LEG ISCHEMIC. MOTOR LOSS TO LEFT LEG A DISMAL SIGN FOR POTENTIAL SALVAGING.

33) ON APRIL 25, 2010, SURGEON, PATRICK TAMIN, MD, REMOVED THE PLAINTIFFS LEFT LEG ABOVE THE KNEE.

34) ON MAY 10, 2010, PLAINTIFFS RELEASE WAS GRANTED BY COURT ORDER SO THAT PLAINTIFF COULD BE DISCHARGED TO A REHAB FACILITY AND RECIEVE FURTHER CARE BY HIS SON WHO LIVES IN TEXAS. PATIENT WAS DEEMED STABLE AND READY FOR DISCHARGE TO HEALTH SOUTH REHAB FACILITY. PLAINTIFF WAS RELEASED ON OWN RECONNAISSANCE, SO AS TO RELIEVE BAY COUNTY SHERIFF'S JAIL FROM RESPONSIBLITY OF HOSPITAL BILLS. THUS REQUIRING PLAINTIFF TO USE HIS MEDICARE IP, MAIL HANDLERS INSURANCE, TRICARE (RETIRED MILITARY INSURANCE) AND IF ANYTHING WAS LEFT TO BE PAID, BAY COUNTY JAIL.

35) ON JULY 21, 2010, PLAINTIFF WAS RETURNED TO BAY COUNTY JAIL.

36) ON JULY 22, 2010, PLAINTIFF'S MEDICATIONS ORDERED BY SPECIALISTS AT BAY MEDICAL WAS ORDERED BY DR RONALD LIPPMANN, D.O.

37) ON JULY 26, 2010, PLAINTIFF INITIATED SICK CALL REQUEST FOR RASH AND REFUSED PLAINTIFF MEDICAL ATTENTION, DUE TO PLAINTIFFS REFUSAL TO BE TREATED BY DR. LIPPMANN.

38) ON JULY 27, 2010, DR LIPPMANN CANCELED PLAINTIFFS MEDICATIONS IN AN EFFORT TO FORCE PLAINTIFF TO ACCEPT DR. LIPPMANN'S CARE

39) ON JULY 30, 2010, PLAINTIFF FORCED TO ACCEPT CARE FROM DR LIPPMANN, TO GET REQUIRED MEDICATIONS, THAT INABLE HIM TO SURVIVE HIS MEDICAL CONDITIONS. REFERRED TO SEE DR. LIPPMANN ON AUGUST 2, 2010. PLAINTIFF WAS REFUSED MEDICATION BY DR. LIPPMANN FOR EIGHT (8) DAYS.

40) BY THE PLAINTIFF'S BEING INCARCERATED IN THE BAY COUNTY JAIL PENDING TRIAL, THE DEFENDANTS, DR LIPPMANN, MEDICAL STAFF, AND THE BAY COUNTY SHERIFFS DECISION TO DISCONTINUE PLAINTIFFS MEDICATION CAUSED THE PLAINTIFF UNDO PAIN AND SUFFERING, AS RETALIATION TO PLAINTIFF.

(7D)

## Statement of Claims

41) THE DEFENDANTS WERE WILLFULLY NEGLIGENT IN THE CARE AND TREATMENT OF THE PLAINTIFF'S CONDITION AND FAILED TO EXERCISE THAT DEGREE OF CARE AND SKILL AS A PHYSICIAN, OR NURSING ASSISTANT, WHICH IS RECOGNIZED AS ACCEPTABLE AND APPROPRIATE BY REASONABLY PRUDENT SIMILAR HEALTHCARE PROVIDERS, IN THAT DEFENDANTS WILLFULLY NEGLECTED PLAINTIFFS CONDITION, NEGLIGENTLY AND CARELESSLY, WITH DELIBERATE INDIFFERANCE, AND A WANTON DISREGARD FOR HUMAN LIFE;

(A) HAD KNOWLEDGE OF THE EXISTENCE OF CIRCUMSTANCES THAT CONSTITUTED A "CLEAR AND PRESENT DANGER" TO THE PLAINTIFFS LIFE, AND YET UNDERTOOK A CONSCIOUS, VOLUNTARY ACT, AND OMISSION OF THE PLAINTIFF'S HEALTH RECORDS THAT WAS LIKELY, AND DID, RESULT IN THE PLAINTIFF'S INJURY, AND THREAT OF DEATH, (SEE #6);

(B) FAILED TO PROPERLY AND ADEQUATELY TREAT THE PLAINTIFF, IN A PROFESSIONAL MANNER, FOR THE CONDITION FOR WHICH MEDICAL ATTENTION WAS SOUGHT, (SEE #6 - #26)

(C) FAILED TO CONDUCT IN A TIMELY OR PROPER FASHION, THE NECESSARY OR ADEQUATE DIAGNOSTIC TESTS, STUDIES, BIOPSIES, EKG'S, OR EVEN SURGICAL PROCEDURES, UNTIL PLAINTIFFS CONDITION WAS LIFE THREATENING; (SEE #6 - #26, #32);

(D) FAILED TO USE THE REQUIRED AMOUNT OF SKILL IN THE ADMINISTRATION OF THE TESTS, EXAMINATIONS, MEDICATIONS AND MEDICAL TREATMENTS;

(E) FAILED TO PROPERLY DIAGNOSE PLAINTIFF'S LIFE THREATENING CONDITION, ENDANGERING PLAINTIFF'S LIFE; (SEE #6 - #26);

(F) FAILED TO PROPERLY PRESCRIBE OR SUPPLY PROSCRIBED MEDICATIONS, AND THE WITHHOLDING OF PRESCRIBED MEDICATIONS TO FORCE PLAINTIFF TO ALLOW INCOMPETENT DOCTOR RONALD LIPPMANN TO TREAT HIM AFTER HE CAUSED PLAINTIFF TO LOSE HIS LEG;

(G) FAILED TO TIMELY EMPLOY QUALIFIED AND APPROPRIATE SPECIALISTS TO CONSULT, OR ATTEND TO PLAINTIFF UNDER THE CIRCUMSTANCES OF PLAINTIFF BEING DETAINED IN BAY COUNTY JAIL AWAITING TRIAL;

(7E)

(H) SUBJECTED PLAINTIFF TO A SUBSTANTIALLY HIGHER INCREASED RISK OF HARM, PAIN AND SUFFERING, AND DEATH, BY THE UNNECESSARY AND WANTON INFLECTION OF PUNISHMENT PROSCRIBED BY THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS AND BY THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHT AMENDMENT OF THE U.S. CONSTITUTION.

(I) FAILED TO OTHERWISE EXERCISE DUE CARE WITH RESPECT TO THE CARE AND TREATMENT OF THE PLAINTIFF MEDICAL CONDITION VIOLATING THE PLAINTIFFS RIGHTS PROSCRIBED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

42) AS A PROXIMATE RESULT THE DEFENDANTS NEGLIGENCE, DELIBERATE INDIFFERANCE, AND WANTON DISREGARD FOR HUMAN LIFE, PLAINTIFF DEVELOPED A SEVERE LACK OF CIRCULATION AND INFECTION IN BOTH OF HIS LEGS, THAT NECESSITATED THE AMPUTATION OF PLAINTIFF'S LEFT LEG. (SEE #31 THRU #34). FURTHERMORE, DEFENDANTS NEGLIGENCE, DELIBERATE INDIFFERANCE, AND WANTON DISREGARD FOR HUMAN LIFE HAS NECESSITATED THAT THE PLAINTIFF EXPEND CONSIDERABLE SUMS OF MONEY FOR MEDICATIONS AND MEDICAL TREATMENT WHILE BEING DETAINED AS A WARD OF BAY COUNTY. IN ADDITION, PLAINTIFF HAS BEEN, AND WILL IN THE FUTURE BE, REQUIRED TO EXPEND CONSIDERABLE SUMS OF MONEY FOR ARTIFICIAL LEGS, PHYSICAL THERAPY, WHEELCHAIRS, AND OTHER PROSTHETIC DEVICES, AND SERVICES FOR AMPUTEES.

43) AS A FURTHER DIRECT RESULT OF THE DEFENDANT'S NEGLIGENCE, DELIBERATE INDIFFERANCE, AND WANTON DISREGARD FOR HUMAN LIFE, THE PLAINTIFF SUFFERED, AND WILL IN THE FUTURE CONTINUE TO SUFFER, GREAT PAIN AND AGONY. ADDITIONALLY, PLAINTIFF HAS BEEN, AND WILL IN THE FUTURE BE, HINDERED FROM ATTENDING TO THE PLAINTIFF'S USUAL AND DAILY DUTIES AND FUNCTIONS, ALL CONTRIBUTING TO PLAINTIFFS DAMAGE AND LOSS.

(7F)

44) Finally, as a result of defendant's negligence, deliberate indifference, and wanton disregard for human life, and of plaintiff's well being while in the defendant's care, the plaintiff has been, and will continue to be, deprived of life's pleasures due to the defendants failure to preform their required duty to the plaintiff under the Fifth, Fourteenth, and Eighth Amendments of the U.S. Constitution.

45) The plaintiff has complied with all conditions precedent to the bringing of this action, as a pro se litigant.

WHEREFORE, the plaintiff requests this Honorable Court to GRANT the following relief:

1) Plaintiff requests a "jury trial" in the above action;

2) Plaintiff requests this Honorable Court render a judgement against the defendants in their individual and official capacities for damages in the amount of 4.5 million dollars American, tax free;

3) Plaintiff requests punative damages against the defendants in their individual and official capacities for $500,000.00 each, tax free;

4) Plaintiff requests compensatory damages against the defendants in their individual and official capacities, tax free;

5) Plaintiff requests this Honorable Court to input all cost to the defendant;

(14)

5) ANY AND ALL OTHER FURTHER RELIEF THIS HONORABLE COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED

DATED 3-28-13

*Thomas S. Payne*

THOMAS S. PAYNE, #Q24425, PRO SE

I DECLARE, UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATIONS, ARE TRUE AND CORRECT.

*Thomas S. Payne*

THOMAS S. PAYNE, #Q24425, PRO SE
NORTHWEST FLORIDA RECEPTION CTR.
4455 SAM MITCHELL DRIVE
CHIPLEY, FLORIDA 32428-3597

(7H)

Thomas S. Payne
Q24425   E2-148-S
Northwest Florida Reception Ctr.
4455 Sam Mitchell Drive
Chipley, Florida 32428-3697



MAILED FROM A STATE
CORRECTIONAL INSTITUTION

LEGAL MAIL

Clerk, United States District Court
  Northern District of Florida
  1 North Palafox Street
  Room 226
  Pensacola, Florida
          32502-5658

